# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LAURA HEIBERGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17 C 6858 |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Laura Heiberger, a former Chicago Public School (CPS) teacher, seeks to overturn the denial of her application for Social Security disability benefits. The Acting Commissioner of Social Security, Nancy Berryhill, asks the Court to uphold the denial.

Ms. Heiberger argues the Administrative Law Judge (ALJ) who denied her claim lacked substantial evidence to find that she engaged in substantial gainful activity during the twelve-month period before her last date of Social Security coverage (the "date last insured"). She also argues the ALJ lacked substantial evidence to find that she was not disabled before her date last insured.

This Court disagrees and grants Ms. Berryhill's motion for summary judgment for the reasons explained below.

## Background

In April 2008, Ms. Heiberger began working as a full-time teacher at Smyser School before transferring to Bell School in September 2010. Ms. Heiberger earned

over $4,800 per month from CPS in 2010. Bell terminated Ms. Heiberger in February 2011 after a supervisor observed that she was unable to see a raised hand in the back of the classroom.

Diagnosed with type-2 diabetes, Ms. Heiberger has sought treatment for diabetic retinopathy, neuropathy, and nephropathy. On March 13, 2013, Ms. Heiberger filed an application for disability benefits, claiming disability based on her lack of visual acuity as well as her diabetes and associated medical conditions. She alleged a disability onset date of October 15, 2011. On April 2, 2013, she requested to change the onset date to March 3, 2010, the date of a surgical burn to her right eye. This adjusted onset date precedes Ms. Heiberger's last date insured, potentially qualifying her for Social Security disability benefits.

On June 6, 2013, the Social Security Administration (SSA) denied Ms. Heiberger's claim, finding she was not disabled. After the SSA denied an initial appeal in December 2013, Ms. Heiberger requested an appeal before an ALJ in January 2014.

Ms. Heiberger and an impartial vocational expert, Lee Knutson, testified before the ALJ on April 16, 2015. About a year later, on April 19, 2016, Ms. Heiberger testified at a supplemental hearing. During this hearing, Robert Taub, M.D. and Gilberto Munoz, M.D., both impartial medical experts, and Linda M. Gels, an impartial vocational expert, also testified.

After reviewing records from Ms. Heiberger's treating retinologist Dr. Jack A. Cohen, Dr. Taub testified that Ms. Heiberger's better eye visual acuity was 20/200 in January 2011 but improved to 20/150 in March 2011. Consequently, Dr. Taub testified that Ms. Heiberger's visual acuity did not stayed at 20/200 long enough to meet the

statutory definition of blindness.

Similarly, after reviewing Ms. Heiberger's medical records, Dr. Munoz found her nephropathy and neuropathy to be non-severe during the period in question. Because Ms. Heiberger did not see a nephrologist from 2011 to 2013, Dr. Munoz testified that her kidney disease was likely in stage two in 2010 and, thus, non-severe. As noted during the hearing, on May 13, 2018, Ms. Heiberger saw a nephrologist, Dr. Mark P. Leischner, who diagnosed her with stage three kidney disease.

On June 16, 2016, the ALJ denied Ms. Heiberger's claim. First, the ALJ found Ms. Heiberger met SSA disability insured status requirements only through December 31, 2010. As a CPS employee, Ms. Heiberger paid into a separate state retirement insurance program, rather than the Social Security program. Based on earnings withheld from a prior job at her husband's business, Ms. Heiberger was insured under the SSA only through December 31, 2010. Neither party disputes that December 31, 2010 is Ms. Heiberger's date last insured.

Second, the ALJ found that through December 31, 2010, there was no continuous twelve-month period when Ms. Heiberger did not engage in substantial gainful activity. Because disability is defined as the inability to engage in any substantial gainful activity due to a determinable impairment or combination of impairments that has lasted or can be expected to last for a continuous period of not less than twelve months, this finding defeated Ms. Heiberger's claim. Pointing to CPS hiring documentation, the ALJ rejected Ms. Heiberger's explanation that Bell School hired her under a sheltered workshop, an arrangement where a disabled employee works in a protected environment with accommodations and which does not constitute

substantial gainful activity under applicable regulations.

Finally, based on the expert testimony, the ALJ found that Ms. Heiberger was not disabled from March 3 to December 31, 2010, the period between her proposed disability onset date and her last date of Social Security insurance coverage.

In August 2016, the SSA Appeals Council denied Ms. Heiberger's request for review of the ALJ's decision. Having exhausted administrative remedies, she filed suit in this Court asking to overturn the SSA's denial of her claim.

## Discussion

After exhausting administrative remedies, a plaintiff may seek review of a denial of Social Security benefits in federal district court. 42 U.S.C. § 405(g). "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id*. The ALJ's findings of fact are conclusive if they are supported by substantial evidence. *Id*. A reviewing court cannot "displace the ALJ's judgment by reconsidering facts or evidence, or by making independent credibility determinations." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). The claimant has the burden of demonstrating disability. *Maggard v. Apfel*, 167 F.3d 376, 380 (7th Cir. 1999).

**1.    Substantial gainful activity**

Regulations adopted under the Social Security Act establish a five-step process for determining disability. *See* 20 C.F.R. § 404.1520(a)(4). Under the first step, if there is no continuous twelve-month period without substantial gainful activity, the claimant is not disabled. *Id.*; *see also* 20 C.F.R. § 404.1505. In 2010, substantial gainful activity

4

was presumed for a claimant receiving monthly income above $1,640 for a person claiming disability based on blindness or $1,000 for other claimants. 20 C.F.R. § 404.1574; *see also* Substantial Gainful Activity, https://www.ssa.gov/oact/cola/sga.html (last visited Aug. 4, 2018).

However, work done under sheltered employment may negate a plaintiff's capacity for substantial gainful activity. 20 C.F.R. § 404.1573(c). "Sheltered employment is employment provided for handicapped individuals in a protected environment under an institutional program." SSR 83-33, 1983 WL 31255, at *7 (Jan. 1, 1983). Examples of accommodations under sheltered employment include: providing assistance from other employees, granting irregular work hours, supplying special equipment related to the impairment, providing arranged transportation to and from work, permitting a lower standard of work, or granting employment due to personal concern for the person's welfare. 20 C.F.R. § 404.1573(c).

At step one, the ALJ found that Ms. Heiberger had no continuous twelve-month period without substantial gainful activity. First, the ALJ noted that her $4,800 monthly earnings exceeded the $1,000 statutory threshold for presumptive substantial gainful activity in 2010. Next, the ALJ found no evidence that CPS provided any accommodations to Ms. Heiberger resembling a sheltered work environment. Although Ms. Heiberger received help grading papers and using a computer, she offered no evidence that CPS arranged this under an institutional program. To the contrary, rather than making accommodations, CPS fired Ms. Heiberger when she failed to see a student in the back of a classroom.

Ms. Heiberger also argues that her time at Bell School was not substantial gainful

5

activity because it was an unsuccessful work attempt during a trial work period. A trial work period, however, cannot begin before the month the claimant filed the application for benefits. 20 C.F.R. § 404.1592(e). Here, Ms. Heiberger's five months at Bell School took place before she applied for benefits in 2013. Therefore, this time cannot be considered a trial work period.

Even if Ms. Heiberger's tenure at Bell School were considered an unsuccessful work attempt performed under a sheltered environment, those five months do not add up to twelve months without substantial gainful activity. In 2010, Smyser School employed Ms. Heiberger through August. Even disregarding summer break, Ms. Heiberger's five months at Smyser School during early 2010 constituted substantial gainful activity. Thus, substantial evidence supports the ALJ's finding that Ms. Heiberger did not have a period of twelve months without substantial gainful activity up to her date last insured of December 31, 2010.

Because Ms. Heiberger's claim fails at the first step of the process, no further analysis is required to affirm the denial of benefits.

**2.    Disability**

Even if Ms. Heiberger's claim survived the first step of the disability analysis, substantial evidence supports the ALJ's finding that she was not disabled. At the second step of the analysis, the ALJ must determine if the claimant's impairment significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 404.1520.

Ms. Heiberger claimed disability based on statutory blindness and medical conditions associated with her diabetes. Statutory blindness is defined as central visual

6

acuity of 20/200 or worse in the better eye for a continuous period of at least twelve months. 20 C.F.R. §§ 404.1581, 404.1509. Based on Dr. Cohen's records, Dr. Taub found that Ms. Heiberger's vision never remained at 20/200 for a twelve-month period as required. Though Ms. Heiberger argues that the ALJ disregarded Dr. Cohen's opinions as a treating physician, she does not point to anything in Dr. Cohen's records contradicting Dr. Taub's analysis of her visual acuity numbers. Ms. Heiberger's own statement to Dr. Cohen in October 2010 that she "can't see anything" is not a medical opinion and is not entitled to controlling weight.

Ms. Heiberger criticizes the ALJ for limiting his questions for Dr. Taub to two dates and not investigating variations in her acuity test results. However, an analysis of Ms. Heiberger's test results reveals that her visual acuity first dipped to 20/200 in January 2011 but, after medication, improved to 20/150 in March 2011. Readings from additional dates confirm Dr. Taub's determination that Ms. Heiberger's vision did not remain at 20/200 for twelve continuous months.

On the issue of her conditions associated with diabetes, Ms. Heiberger argues that Dr. Munoz's statement that she had not seen a nephrologist from 2011 to 2013 misled the ALJ, because she saw Dr. Leischner in May 2013. However, Dr. Munoz likely meant Ms. Heiberger did not see a nephrologist during the three years before her appointment with Dr. Leischner. The phrase "in general, during the last three years, meaning 2011 to 2013" in the ALJ's decision reflects this reasonable interpretation of Dr. Munoz's testimony. Ms. Heiberger offers no further evidence suggesting that the ALJ disregarded Dr. Leischner's opinions.

For these reasons, substantial evidence supports the ALJ's finding that Ms.

7

Heiberger was not disabled before her Social Security coverage ended on December 31, 2010.

## Conclusion

For the reasons stated above, the Court grants defendant's motion for summary judgment [15], denies plaintiff's motion for remand or award [11], and directs the Clerk to enter judgment affirming the decision of the Commissioner of Social Security.

Date: August 6, 2018

_____
MATTHEW F. KENNELLY
United States District Judge